AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

FILED
CLERK'S OFFICE
2003 DEC 17 A 9:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA
V.
CHARLES A. GUIDA
22 Allston Street, Apt. 116
Medford, MA

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: MJ03-M-253 JLA

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **October 27, 2003** in **Middlesex** county, in the **District of Massachusetts** defendant(s) did, (Track Statutory Language of Offense)

knowingly possess one or more items which contain visual depictions of minors engaging in sexually explicit conduct which had been mailed, shipped or transported in interstate or foreign commerce

in violation of Title **18** United States Code, Section(s) **2252(a)(4)(B)**

I further state that I am a(n) **U.S. Postal Inspector** and that this complaint is based on the following facts:

see attached affidavit of Richard J. Irvine

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
RICHARD J. IRVINE

Sworn to before me and subscribed in my presence,

12/17/03                                Boston, MA
Date                                    City and State

JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer                Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

<u>AFFIDAVIT</u>

I, Richard J. Irvine, being duly sworn, hereby depose and state as follows:

1.  I am a Postal Inspector of the United States Postal Inspection Service and have been so employed since February 1985. I am assigned to the Boston Division and responsible for the investigation of various postal crimes, including violations of Title 18, United States Code, Sections 2251-2252A, which pertain to the sexual exploitation of children. I have investigated child pornography cases almost exclusively for over six years and received training in the investigation of those cases by attending numerous seminars and courses relating to the investigation of child sexual abuse.

2.  I submit this affidavit in support of a criminal complaint against Charles A. Guida ("Guida"), born in 1944, charging him with a violation of 18 U.S.C. §2252(a)(4)(B) (possession of child pornography).

3.  All the facts reported in this affidavit are based upon my personal knowledge, unless otherwise stated. I have not included each and every fact known to me regarding this investigation, but rather have included only those facts necessary to establish the requisite probable cause.

4.  Title 18, United States Code, Section 2252(a)(4)(B) makes it illegal to knowingly possess one or more items which contain or constitute a visual depiction that has been mailed, or

has been shipped or transported in interstate or foreign commerce, by any means, including by computer, if: (1) the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and (2) such visual depiction is of such conduct.

5. Title 18, United States Code, Section 2256, provides the definitions for purposes of Section 2252. A "minor" is any person under the age of 18 years old. "Sexually explicit conduct" includes actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. "Producing" means producing, directing, manufacturing, issuing, publishing or advertising. A "visual depiction" includes undeveloped film and videotape, and data stored on computer disks or by electronic means which is capable of conversion into a visual image.

6. In this affidavit, I will refer to any individual under the age of eighteen as a child or minor, and will refer to any visual depictions of a child or minor engaging in sexually explicit conduct, as defined in 18 U.S.C. §2256, as child pornography.

7. On April 19, 2002, Postal Inspector Elizabeth M. Bendel, Miami Division, Child Exploitation Specialist, received information from Postal Inspector Art Vandeputte, Detroit

2

Division, Child Exploitation Specialist, indicating that Inspector Vandeputte had executed a federal search warrant and found items which led him to believe that an individual in Miami Beach, Florida was distributing child pornography.

8. Inspector Vandeputte informed Inspector Bendel that during his execution of the search warrant in Michigan, he found images of young girls, naked, with their genitals displayed. These images were contained within an envelope with a list of videos and an order form. The envelope bore the return address C.R.T., Private Mail Box 178, 1348 Washington Ave., Miami Beach, FL 33139. The order form advertised products in VHS and CD-ROM format. The order form referenced the video "Flowers 1" and also advertised items such as "WRITE YOUR OWN SCRIPT," which had the following description: "We have managed to reestablish contact with the very popular little blonde from "Cuties at Play." Now we need your support to prepay projects involving this cutie. For $975 you are entitled to customize 30 minutes of the cutie performance." Also during the search, Inspector Vandeputte discovered a videotape labeled "Flowers 1" which contained depictions of minor girls with their genitals exposed performing calisthenics while naked.

9. Subsequent investigation by Inspector Bendel and other law enforcement officers revealed that C.R.T. is short for "Cultural Research Team," a business operated by Angel Mariscal ("Mariscal") using the address of PMB 178 at 1348 Washington

3

Ave., Miami Beach FL 33139.

10. In May of 2002, Inspector Bendel conducted surveillance of Mariscal. This surveillance, along with some additional investigation, revealed a daily pattern of Mariscal traveling to his private mail box where he retrieved his mail and Federal Express packages. Mariscal was also observed sending packages nationwide from both the Miami Beach Post Office and the private mail box location.

11. Through review of Mariscal's incoming and outgoing mail, Postal Inspectors identified two customers who were sending mail to C.R.T. "Subject 1" was identified, through a return address label, as residing in St. Augustine, Florida, and "Subject 2" was identified, through a return address label, as residing in Summerville, South Carolina.

12. Inspector Bendel contacted the Florida Department of Law Enforcement child exploitation investigators in St. Augustine, FL, and requested they make contact with and interview "Subject 1." During an interview by law enforcement personnel, "Subject 1" provided forty videotapes containing child pornography, including a tape with two minor children performing oral sex on each other, and other tapes with young naked children exposing their genitals. Subject 1 stated he purchased the tapes from a company called C.R.T., 1348 Washington Ave., PMB 178, Miami Beach, FL. "Subject 1" reported he had been purchasing the videos for approximately 5 years and initially saw the

4

advertisement in a photography or sexually oriented magazine. Subject 1 responded to the advertisement and received a list of videos available from C.R.T. "Subject 1" reported that he paid for the videos with money orders.

13.  In July 2002, Postal Inspector James Earl Hoke, Jr., assigned to the Raleigh, NC office, was contacted by Inspector Bendel who requested that he contact "Subject 2." Subject 2 provided similar information as "Subject 1." "Subject 2" provided Inspector Hoke with over 150 videotapes and compact disks, many purchased from C.R.T., containing child pornography.

14.  According to Inspector Bendel, on September 13, 2002, a search warrant was executed on the hotel room occupied by Angel Mariscal. Five computers, numerous videotapes and computer compact disks were seized, including approximately 90 VHS videotapes, 109 compact disks, and 58 video cassette tapes that appeared to be master tapes used by Mariscal to operate C.R.T. The materials seized contained child pornography and/or child erotica. On one of the computers was a listing of Mariscal's customers. One of those customers was shown to be Charles Guida, 2 Walnut Street, #2, Medford, MA 02155. Further investigation revealed that Mariscal kept copies of order forms received from his customers. The records, including copies of order forms obtained via a search warrant, showed that Charles Guida, 2 Walnut Street #2, Medford, MA placed five orders from C.R.T.

5

between 2/05/98 through 9/24/99, spending $528 on products from C.R.T.

15. Both Autotrack and the Massachusetts Registry of Motor Vehicle were checked for an address on Charles Guida. Those record checks revealed that Guida no longer resided at 2 Walnut Street, #2 in Medford, MA. Those records showed that Guida had since moved and now resided at 22 Allston Street, Apartment 116, Medford, MA 02155.

16. On October 27, 2003, Lt. J.J. McLean of the Medford Police Department and I went to Guida's residence in an attempt to interview him. Guida was home at the time and agreed to be interviewed. He was informed that we were conducting an investigation on a company called C.R.T. which was based in Miami, FL. We told Guida that we had information that he had previously done business with them. Copies of his prior orders showing that he had ordered videotapes from C.R.T. were provided to Guida. Guida recalled making the purchases and receiving the videotapes, but said he had thrown the videotapes away. Guida was asked if he minded if we took a look around, and he said to go ahead. Lt. McLean did so, while I continued to interview Guida.

17. I asked Guida if he received anything from C.R.T. over the Internet and he responded "no." I asked if he minded if we took a look on his computer and he said "go ahead." I also informed him that we were concerned about what his interest was

6

in purchasing the videotapes containing minors and asked him if there was any child pornography on his computer. He said he did not have any child pornography, but there were images of naked young girls about 15-16 years old. He said none of the images were any younger than 15-16 years old and none of the images involved minors engaged in any sexual activity. I informed Guida that we were also interested in looking at those images on his computer. Lt. McLean inquired with Guida about the type of computer system he owned. Guida said that if we preferred to examine the computer elsewhere to go ahead and just take it.

18. I produced an Inspection Service consent to search form to obtain written authorization from Guida to seize and search his computer and other electronic storage media. While reading over the consent form, Guida came to the section that stated this consent was being provided without the requirement of a search warrant. Guida stopped and said maybe we should obtain a search warrant. Lt. McLean ceased looking around the apartment at that time. Guida was then informed that based on his earlier statements we were going to apply for a search warrant. Guida responded that he was not looking for any trouble and stated that we could go ahead and take his computer for an examination. Lt. McLean asked Guida if he freely and voluntarily wanted to allow us to seize and search his computer. Guida responded that he knew what he was doing and it was okay for us to seize and search his computer and the CD-ROMs. Guida signed an Inspection Service

7

written consent form allowing us to seize and search his computer and some CD-ROMs for any evidence of children being sexually abused.

19. A preliminary forensic examination was later conducted by Lt. McLean on the computer hard drive and some of the CD-ROMs taken from Guida's apartment. Images that contained child pornography were observed. On November 5, 2003, Guida was re-interviewed at the Medford Police Department by Lt. McLean and myself. Prior to being asked any questions, Guida was provided his Miranda rights and he signed a waiver of those rights, agreeing to be interviewed. Guida admitted to being in possession of the images containing child pornography that were obtained from his computer. Guida stated he knew two short movies in his collection may qualify as child pornography. He went on to describe the movies. One involved a minor female tied to a bed frame. Another person then smeared some cat food on the minor's genitals and a cat entered and licked off the cat food from the minor's genitals. He said the second movie involved an adult male wearing a mask who has sex with a minor female that Guida said was about 11 years old. Guida went on to say he admires the beauty of young girls and his preference is for them to be around 12-13 years old.

20. Guida, who lives alone, said he was the only one who used his computer. He said the images of child pornography on his computer and CD-ROMs were obtained off the Internet from

8

different newsgroups. He stated he downloaded the images and then placed the ones that he wanted into folders. He said he would then take the images and place the ones he wanted on a CD-ROM. Guida said he had a lot more images approximately two months ago, but he had gotten rid of most of his collection.

21. Guida stated that when he lived at 2 Walnut Street, Medford, MA, he used Comcast as his Internet provider and stopped using them sometime around August 2003. He said using Broadband from Comcast made it very easy to download from the Internet. He would download videos, pornography (both adult and child), and old time radio programs. Guida provided the names of some of the newsgroups he visited and from which he downloaded his collection of child pornography. The names of some of the newsgroups were: alt.binieries.aoi, alt.binieries.hussy, alt.binieries.youthandbeauty, alt.binieries.tinygirls, and alt.binieries.phoenix, to name a few.

22. Guida was provided the federal definition of child pornography, as stated in 18 U.S.C. §2256. He said his collection included images which fit the definition of child pornography. He said he never paid for any child pornography and he obtained everything from free sites. He felt he had too much time on his hands and did what he did because it was there. He said he would download video clips off of the Internet and then use a software program to put the video clips together.

9

23. Guida also recalled doing business with C.R.T. He recalled ordering and receiving some videotapes when he lived at an address on Salem Street in Medford over six years ago. Guida said he believed the ones he ordered may have been called "Angels" and "Portraits." He said he viewed the videos once, the girls were in their young teens, and the videos were of such poor quality that he either threw them away or copied over the videotape. He also recalled that in the past six months, he received a flyer from C.R.T. He said that after looking the flyer over he felt it might be part of a police sting operation instead of C.R.T., because something about it did not look right.

24. Prior to the conclusion of the interview, Guida was provided some printed images of child pornography which had been obtained from his collection. He was asked to review each image and date and initial the ones he recognized, which he did.

25. Upon completion of the forensic examination of Guida's computer and CD-ROMs, I requested copies of any apparent images containing child pornography. Lt. McLean provided me three CD-ROMs containing images of child pornography and child erotica. I sent the CD-ROMs to the National Center for Missing and Exploited Children ("NCMEC") to determine if there were any known child victims that had been identified by law enforcement during previous investigations. The NCMEC is the nation's resource center for child protection and provides services to assist law

10

enforcement in attempting to identify known victims of child abuse.

26. The NCMEC was able to identify two mpgs (short video clips) as having known child victims among the images obtained from Guida. The following is a description from the two mpgs:

> One titled "rca-5y-fuck1" shows a minor naked female lying on her back with the camera shooting up from below an adult male with an erect penis attempts to have intercourse. This mpg is from a known series called RCA. This case was investigated by Special Agent Barry Witrick in the Atlanta field office of the FBI. Special Agent Witrick can testify that the victim is a minor.

> The second is titled "meg07" shows a minor female lying on a bed and during the course of the mpg she removes her pants and underpants and masturbates herself toward the camera. This mpg contains a known victim from the series called "Meg." Special Agent Jack Stowell of the Bureau of Immigration and Custom Enforcement investigated this case. Special Agent Stowell can testify to this mpg containing a minor.

27. Based on the foregoing, I believe probable cause exists to conclude that on October 27, 2003, at 22 Allston Street, Apartment 116, Medford, MA, Charles Guida did knowingly possess visual depictions of minors engaged in sexually explicit conduct,

11

in violation of Title 18, United States Code, Section 2252(a)(4)(B).

*[signature]*
Richard J. Irvine,
United States Postal Inspector

Subscribed and sworn to before me this 17th day of December 2003.

*[signature]*
JOYCE LONDON ALEXANDER
United States Magistrate Judge

12


§JS 45 (5/97) - (Revised USAO MA 3/25/02)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:**              **Category No.** II           **Investigating Agency** POSTAL

City    Medford                    **Related Case Information:**

County  Middlesex                  Superseding Ind./ Inf. _____    Case No. _____
                                   Same Defendant _____    New Defendant _____
                                   Magistrate Judge Case Number _____
                                   Search Warrant Case Number _____
                                   R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name    Charles A. Guida                    Juvenile    ☐ Yes    ☒ No

Alias Name _____

Address    22 Allston Street, Apt. 116, Medford, MA

Birth date: 1944    SS#: _____    Sex: M    Race: _____    Nationality: _____

Defense Counsel if known: _____            Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA    Timothy Q. Feeley          Bar Number if applicable    160950

Interpreter:    ☐ Yes    ☒ No    List language and/or dialect: _____

Matter to be SEALED:    ☐ Yes    ☒ No

☐ Warrant Requested        ☒ Regular Process        ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:    Ordered by _____ on _____

Charging Document:    ☒ Complaint    ☐ Information    ☐ Indictment

Total # of Counts:    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: December 17, 2003        Signature of AUSA: _/s/ Timothy Q. Feeley_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     Charles A. Guida

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §2252(a)(4)(B) | Possession of Child Pornography | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

ADDITIONAL INFORMATION: _____

js45.wpd - 3/13/02