

**U.S. Department of Justice**

MAY 1 5 2004

*United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

May 13, 2004

Charles P. McGinty, Esq.
Federal Defender Office
408 Atlantic Avenue
Boston, MA 02210

      Re:  <u>United States v. Charles A. Guida</u>
           Criminal No. 03-M-253-JLA

Dear Mr. McGinty:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant Charles A. Guida ("Defendant"), in the above-captioned case.  The Agreement is as follows:

    1.  <u>Plea</u>

On or before May 28, 2004, or as soon thereafter as the Court may schedule, Defendant shall waive indictment and plead guilty to a one-count information (with forfeiture allegations) charging him with possessing child pornography, in violation of 18 U.S.C. §§2252(a)(4)(B).  A copy of the information is attached hereto.  Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crimes charged in the Information, and is in fact guilty of the charged offense.

    2.  <u>Penalties</u>

Defendant faces the following maximum penalties: on count one of the information, ten years imprisonment, a fine of $250,000, three years of supervised release, a $100 special assessment, as well as forfeiture as alleged in the information.

    3.  <u>Sentencing Guidelines</u>

The U.S. Attorney will take the following positions at

sentencing under the United States Sentencing Guidelines:

    a.    U.S.S.G. §2G2.4, in the guideline book incorporating guideline amendments effective as of April 30, 2003, is the applicable sentencing guideline, and provides a base offense level of 15;

    b.    U.S.S.G. §2G2.4(b)(1) is applicable as the material involved a prepubescent minor or a minor under the age of 12 years, requiring an increase in the BOL of 2;

    c.    U.S.S.G. §2G2.4(b)(2) is not applicable as U.S.S.G. §2G2.4(b)(5) is applicable, and is intended to control any enhancement of multiple images.  (See proposed amendments to U.S. Sentencing Guidelines, expected to become effective November 1, 2004)

    d.    U.S.S.G. §2G2.4(b)(3) is applicable as defendant's possession of the material resulted from his use of a computer, requiring an increase in the BOL of 2;

    e.    U.S.S.G. §2G2.4(b)(5)(A) is applicable because the offense involved approximately (nearly, but not more than) 150 images, requiring an increase in the BOL of 2;

    e.    If defendant continues to comport himself in a manner that is consistent with full acceptance of responsibility (see below), his BOL should be reduced by three levels pursuant to U.S.S.G. §3E1.1(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offense of conviction;

    (c)    Falsely denies, or frivolously contests, relevant

conduct for which Defendant is accountable under
U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his
financial status;

(e) Gives false or misleading testimony in any
proceeding relating to the criminal conduct
charged in this case and any relevant conduct for
which Defendant is accountable under U.S.S.G. §
1B1.3;

(f) Engages in acts which form a basis for finding
that Defendant has obstructed or impeded the
administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates
any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision
of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his
plea of guilty if, for any of the reasons listed above, the U.S.
Attorney does not recommend that he receive a reduction in
Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment pursuant
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date
of this Agreement.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

(a) a period of incarceration at the low-end of the
applicable guideline sentencing range;

(b) a fine within the applicable guideline range,
unless the court finds pursuant U.S.S.G.
§ 5E1.2(e) that Defendant is not able and, even

3

with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)   no restitution;

(d)   $100 mandatory special assessment;

(e)   three years supervised release, with substance abuse, mental health and sex offender treatment conditions;

(f)   forfeiture as alleged in the Information.

The Defendant agrees that if he intends to seek a downward departure from the United States Sentencing Guidelines, he will give the U.S. Attorney at least 14 days written notice of the grounds for any such motion.  If any such departure is granted, the U.S. Attorney reserves the right to recommend a sentence other than as noted above.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B).  Defendant may not withdraw his plea of guilty regardless of what sentence is imposed.  Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.  In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to

4

defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 7.    Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. 2253(a) as a result of his guilty plea, as alleged in the forfeiture allegations of the Information.

Defendant hereby waives and releases any and all claims he may have to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.  Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the computers and related items seized by, or turned over to, law enforcement officials on or about October 27, 2003.

### 8.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 9.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 10.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to

5

this Agreement.  Defendant recognizes that no such breach by him
of an obligation under this Agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by him, and any information,
materials, documents or objects which may be provided by him to
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defense
to any charges which he might otherwise have under any statute of
limitations or the Speedy Trial Act.

     11.   Who Is Bound By Agreement

     This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

     12.   Complete Agreement

     This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made other than
those set forth in this letter.  This Agreement supersedes prior
understandings, if any, of the parties, whether written or oral.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

     If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the

Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Timothy Q. Feeley.

                              Very truly yours,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By: _____
                              STEPHEN P. HEYMANN
                              Dep. Chief, Criminal Division

                              TIMOTHY Q. FEELEY
                              Assistant U.S. Attorney


               ACKNOWLEDGMENT OF PLEA AGREEMENT

     I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter. I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

                              _____
                              CHARLES A. GUIDA
                              Defendant
                              Date: 5 / 25 / 04

     I certify that Charles A. Guida has read this Agreement and
that we have discussed its meaning.  I believe he understands

the Agreement and is entering into the Agreement freely,
voluntarily and knowingly.

Charles P M J m

CHARLES P. MCGINTY, ESQ
Attorney for Defendant

Date: 5/25/04

8

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | VIOLATION: |
| V. ) | 18 U.S.C. §2252(a)(4)(B) |
| ) | Possession of Child Pornography |
| CHARLES A. GUIDA ) | 18 U.S.C. §2253(a) |
| ) | Criminal Forfeiture |

### INFORMATION

COUNT ONE:    18 U.S.C. §2252(a)(4)(B) -- Possession of Child
Pornography

The United States Attorney charges that:

On or about October 27, 2003, at Medford, in the District of
Massachusetts,

CHARLES A. GUIDA,

defendant herein, did knowingly possess a computer and computer
disks that contained visual depictions that had been shipped and
transported in interstate commerce, the producing of such visual
depictions having involved the use of minors engaging in sexually
explicit conduct, and the visual depictions being of such
conduct.

All in violation of Title 18, United States Code, Section
2252(a)(4)(B).

FORFEITURE ALLEGATIONS

18 U.S.C. § 2253(a) -- Criminal Forfeiture

The United States Attorney further alleges that:

1.    The allegations of Count One of this Information are hereby repeated and incorporated herein by reference for the purpose of alleging forfeiture to the United States under Title 18, United States Code, Section 2253(a).

2.    Upon conviction on Count One hereof, the defendant CHARLES A. GUIDA shall forfeit to the United States any and all matter which contains visual depictions produced, transported, shipped or received in violation of Title 18, United States Code, Sections 2252 and/or 2252A; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations, including the computer system and related items that were seized by or turned over to law enforcement officials at his residence on October 27, 2003.

All pursuant to Title 18, United States Code, Section 2253(a).

                              MICHAEL J. SULLIVAN
                              United States Attorney
                    By:
                              _____
                              TIMOTHY Q. FEELEY
                              Assistant U.S. Attorney
                              (617) 748-3172

May 25, 2004