```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )    Criminal No. 04-10162-DPW
     v.                      )
                             )
CHARLES A. GUIDA,            )
          Defendant.         )
```

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 2253(a) and Rule 32.2 of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about May 25, 2004, an Information was filed with the Court charging Charles A. Guida ("the Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B). The Information also contained a Criminal Forfeiture allegation, pursuant to 18 U.S.C. § 2253(a).

2. The forfeiture allegation sought the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any and all matter which contains visual depictions produced, transported, shipped or received in violation of 18 U.S.C. §§ 2252 and/or 2252A, any property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the said violations, and any and all

property used or intended to be used in any manner or part to commit and to promote the commission of the aforesaid violations, including the computer system and related items that were seized by or turned over to law enforcement officials at the defendant's residence at 22 Allston Street, Apt. 16, Medford, Massachusetts, on October 27, 2003 (the "computer equipment").

3. On or about June 1, 2004, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement, whereby the parties agreed that the Defendant would forfeit the computer equipment to the United States. The Court accepted this plea.

4. By virtue of the Defendant's guilty plea, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant's interest in the computer equipment.

5. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 2253(a), which provides:

> A person who is convicted of an offense under this chapter [18 U.S.C.A. § 2251 et seq.] involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter... shall forfeit to the United States such person's interest in --
>
> > (1) any visual depiction described in section 2251, 2251A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; ... and
> >
> > (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

18 U.S.C. § 2253(a) (West 2002 2nd Revised Ed.) (Emphasis added).

6. Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after a plea of guilty is accepted on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and must be made part of the sentence and included in the judgment.

7. Pursuant to 18 U.S.C. § 2253(e), the court shall order forfeiture of property referred to in 18 U.S.C. § 2253(a) if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture.

8. Following the entry of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 2253(m), the United States Marshals Service shall seize, publish, and give direct notice of this order in the manner prescribed by law.

9. Upon the issuance of a Final Order of Forfeiture, the United States shall dispose of the computer equipment in such manner as the Attorney General may direct, either by destroying or by retaining the computer equipment for official use, or by sale or

3

other commercially feasible means, making due provision for the rights of any innocent persons, pursuant to 18 U.S.C. § 2253(g).

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the above-described computer equipment in the form submitted herewith.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

BY:    /s/ Shelbey D. Wright[1]
        Timothy Q. Feeley
        Shelbey D. Wright
        Assistant U.S. Attorneys
        Suite 9200, 1 Courthouse Way
        Boston, MA 02210
        Telephone: (617) 748-3100

Date: August 25, 2004

CERTIFICATE OF SERVICE

I, Shelbey D. Wright, Assistant U.S. Attorney, certify that I have sent a copy of the foregoing to Charles P. McGinty, Esq., Federal Defender's Office, 408 Atlantic Avenue, Boston, MA, 02210, attorney of record for Charles A. Guida, by first class mail, postage prepaid.

                                          /s/ Shelbey D. Wright[2]
                                          Shelbey D. Wright

---

[1] By Assistant U.S. Attorney, Jennifer H. Zacks, with permission.

[2] By Assistant U.S. Attorney, Jennifer H. Zacks, with permission.

```
                                        Assistant U.S. Attorney
```