UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10162-DPW |
| | ) | |
| CHARLES A. GUIDA | ) | |

DEFENDANT'S MOTION AND MEMORANDUM
RE: BLAKELY v. WASHINGTON

Defendant, pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), moves this Court to find the federal sentencing guidelines wholly unconstitutional, and that the Court's sentencing discretion is bound only by the statutorily prescribed maximums.

I.  Background

On June 1, 2004, defendant pled guilty to a one count information charging possession of child pornography.  In anticipation of the plea, the parties had executed a plea agreement, wherein the government committed to certain guideline calculations, specifically a base level of 15, and enhancements for number of images (+2), use of a computer (+2), and images of a prepubescent minor (+2), less 3 points for acceptance of responsibility, resulting in a total offense level of 1 .  In the plea agreement, defendant did not commit to any guideline calculations.

During the plea colloquy, the government's offer of expected evidence included facts supporting the enhancements.  Defendant did not dispute any facts in the government's offer.

II. Argument

On June 24, 2004, the Supreme Court decided Blakely v. Washington, 124 S.Ct. 2531 (2004). As this Court is aware, courts have disagreed whether Blakely applies to the federal guidelines. Compare, e.g., United States v. Ameline, 376 F.3d 967 (9th Cir. July 21, 2004); United States v. Booker, 375 F.3d 508 (7th Cir. July 9, 2004), cert. granted, 2004 WL 1713654 (August 2, 2004) (No. 04-104) (Blakely applies to federal guidelines) with United States v. Mincey, ___ F.3d ___, 2004 U.S. App. LEXIS 16587, 2004 WL 1794717 (2d Cir. Aug. 12, 2004); United States v. Hammoud, 378 F.3d 426 (4th Cir. Aug. 2, 2004); United States v. Koch, ___ F.3d ___, 2004 U.S. App. LEXIS 18138, 2004 WL 1899930 (6th Cir. Aug. 26, 2004); United States v. Reese, No. 03-13117, __ F.3d ___ (11th Cir. Sept. 2, 2004); United States v. Pineiro, 377 F.3d 464 (5th Cir. July 12, 2004) (Blakely does not apply to sentencing guidelines). Further, courts that have found that Blakely applies to the guidelines have disagreed whether the guideline provisions that are constitutional are severable from those that are not. Compare, e.g., Ameline (severable) with United States v. Croxford, 324 F.Supp.2d 1230 (D.Utah July 7, 2004)(Cassell, J.)(not severable). The Supreme Court has granted certiorari on both issues. United States v. Booker, 375 F.3d 508 (7th Cir. July 9, 2004), cert. granted, 2004 WL 1713654 (U.S. August 2, 2004)(No. 04-104); United States v. Fanfan, 2004 WL 1723114 (D.Me. June 28, 2004), cert. granted, 2004 WL 1713655 (August 2, 2004)(No. 04-105).

This Court should find that the guidelines are wholly unconstitutional under the Sixth Amendment and not severable. Severability hinges on legislative intent. A statute that is unconstitutional in part may be severed, with the unobjectionable provisions remaining valid and operable, "unless it is evident that the Legislature would not have enacted those provisions that

are within its power, independently of that which is not." Alaska Airlines v. Brock, 480 U.S. 678, 684 (1987) (legislative veto provision of Airline Deregulation Act is severable). Where Congress would not have enacted the valid provisions as a statute, the entire statute must fall. A number of courts have concluded, after analyzing the purposes, structure and functions of the Sentencing Guidelines, that the sentencing guidelines system chosen by Congress is one in which judicial fact finding is central. It is the judge who is intended to make the critical findings concerning specific offense characteristics, role adjustments and other adjustments that can significantly change the guidelines range determined solely on the basis of facts found by the jury – findings which, under Blakely, are no longer in the judicial purview. Without judicial fact finding by a preponderance of the evidence for upward adjustments and enhancements, the Guidelines system does not function as Congress intended. The Eighth Circuit so concluded in United States v. Mooney, 2004 WL 1636960 at *13 (8th Cir. July 23, 2004), holding that "the Guidelines were designed as an integrated regime and therefore cannot be severed into constitutional and unconstitutional parts while still remaining true to the legislative purpose". See also United States v. Mueffleman, 2004 WL 1672320 (D.Mass. July 26, 2004); United States v. Marrero, 2004 WL 1621410 (S.D.N.Y. July 21, 2004); United States v. King, No.6:04-cr-35-Orl-31KRS (M.D.Fla. July 19, 2004); United States v. Einstman, 2004 WL 1576622 (S.D.N.Y. July 14, 2004); United States v. Harris, 2004 WL 1622035 (W.D.Pa. July 12, 2004), concluding that the Sentencing Guidelines are not severable. Indeed, that is also the position taken by the government in a number of cases and in its Brief for the United States in United States v. Booker, now on certiorari. See Brief for United States at 43 et seq. Contra United States v. Ameline, supra.

### III.  Conclusion

This Court should find the federal sentencing guidelines wholly unconstitutional, and sentence defendant in the discretionary fashion that existed prior to the Sentencing Reform Act of 1984.  See <u>Mueffleman</u>, No. 01-CR-10387 (D.Mass. July 26, 2004) at pp. 37-38 (if guidelines unconstitutional, court is obliged to sentence according to the pre-1984 system, with appropriate procedural safeguards).

        CHARLES GUIDA
        By his attorney,

        /s/ Charles McGinty
          B.B.O. #333480
        Federal Defender Office
        408 Atlantic Ave., 3rd. floor
        Boston, MA  02110
        Tel: 617-223-8061

September 7, 2004