UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 04-10162-DPW |
| v. | ) | |
| | ) | |
| CHARLES A. GUIDA, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WOODLOCK, D.J.,

WHEREAS, on or about May 25, 2004, an Information was filed with the Court charging Charles A. Guida ("the Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B);

WHEREAS, the Information also contained a Criminal Forfeiture allegation, pursuant to 18 U.S.C. § 2253(a) seeking the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any and all matter which contains visual depictions produced, transported, shipped or received in violation of 18 U.S.C. §§ 2252 and/or 2252A, any property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforesaid violations, including the computer system and related items that were seized by or turned over to law enforcement officials at the Defendant's residence at 22 Allston Street, Apt. 116, Medford, Massachusetts, on October 27, 2003 (the "computer equipment");

WHEREAS, on or about June 1, 2004, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement, whereby the parties agreed that the Defendant would forfeit the computer equipment to the United States, and this Court accepted this plea;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  Based on the Defendant's guilty plea, the United States is hereby authorized to seize the computer equipment and it is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 18 U.S.C. § 2253.

2.  The United States Marshals Service, or its authorized agent, shall hold the computer equipment in its secure custody and control.

3.  Pursuant to 18 U.S.C. § 2253(m)(1), the United States shall publish at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the computer equipment in such manner as the Attorney General may direct.

4.  Pursuant to 18 U.S.C. § 2253(m)(1), the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the computer equipment that is the subject of this Order of Forfeiture.

5.   Pursuant to 18 U.S.C. § 2253(m)(2) and (3), the notice referred to above shall state: (a) any person, other than the Defendant, asserting a legal interest in the computer equipment, may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the computer equipment; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the computer equipment, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the computer equipment, any additional facts supporting the petitioner's claim, and the relief sought.

6.   Pursuant to 18 U.S.C. § 2253(f), the United States shall take any other appropriate steps pursuant to the statute's applicable provisions to seize, forfeit, and dispose of the Property, giving notice as required by law.

7.   Pursuant to 18 U.S.C. § 2253(m)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the computer equipment.

8.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or at any time before sentencing if the Defendant consents, and must be made a part of the sentence and included in the judgment.

9.  This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

11. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

Dated: September 7, 2004

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE