UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10162-DPW |
| | ) | |
| CHARLES A. GUIDA | ) | |
| | ) | |

ASSENTED-TO MOTION FOR ISSUANCE OF AMENDED JUDGMENT

Defendant Charles Guida, with the concurrence of the United States, by Assistant United States Attorney Timothy Feeley, moves that this Court issue an amended judgment in this case to reflect the alternative sentence of 18 months custody, as pronounced by the Court at the time of the sentencing in this matter.

As grounds for this motion, defendant states:

1. On September 7, 2004, this Court sentenced defendant to a term of 27 months in custody, the low end permissible under the Sentencing Guidelines. At the time, the Court stated its intention to indicate an alternative sentence "if the guidelines are ultimately held unconstitutional" to permit it "to enter judgment forthwith" on the alternative sentence:

> I will ... state my own view of what a proper sentence would be in the absence of the Guidelines. And here, I find that recommendation ... made by Mr. McGinty to be the appropriate one, 18 months in prison....I do view the length of time for the sentences in this area ... to have gone beyond what is appropriate in a case like yours.... [I]t seems, however, that 18 months is an appropriate sentence if I were not bound by the Guidelines, but I believe for now I am.

Transcript of Sentencing Hearing, September 7, 2004 at 24-25.

3. Defendant timely appealed the sentence so as to preserve his objection to the guideline sentence under Blakely v. Washington, 124 S.Ct. 2531 (2004).

4.  Following the Supreme Court's ruling in <u>United States v. Booker</u>, 125 S.Ct. 738 (January 12, 2005), defendant petitioned the First Circuit to remand the case to this Court for resentencing. By Judgment dated March 11, 2005, the First Circuit ruled:

> In view of defendant's motion to remand for resentencing in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and the government's assent, the sentence is vacated and the case is remanded for further proceedings consistent with <u>Booker</u>.
>
> Vacated and remanded.

A copy of the Judgment is attached.

5.  Defendant, with the concurrence of the government, submits that it is appropriate to proceed as directed by this Court at the time of sentencing, namely "to enter judgment forthwith" on the alternative sentence. The parties submit that it would be appropriate to enter an amended judgment forthwith, without requiring the presence of the parties or of defendant. The parties further submit that the recommendation to FMC Butner in the original Judgment should be stricken (since the BOP classified defendant to FMC Devens where he is currently), but that all other non-incarcerative aspects of the original judgment should remain unchanged.

                                                   CHARLES A. GUIDA
                                                   By his attorney,

                                                   /s/ Charles P. McGinty
                                                   Charles P. McGinty
                                                     B.B.O. #333480
                                                   Federal Defender Office
                                                   408 Atlantic Avenue, 3rd Floor
                                                   Boston, MA  02110
                                                   Tel: 617-223-8061

March 17, 2005